# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESS MUSTANICH, aka JESS WILLIAM ALFARO,<br><br>                    Petitioner,<br><br>    vs.<br><br>ALBERTO GONZALES, et al.,<br><br>                    Respondents. | CASE NO. 07CV1100 WQH (LSP)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART |

HAYES, Judge:

Pending before the Court is Petitioner Jess Mustanich's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. # 1).

**BACKGROUND**

Born in El Salvador on August 15, 1978, Petitioner Jess Mustanich was adopted by United States citizens shortly after his birth and moved to the United States. Petition for Writ of Habeas Corpus (Pet.), ¶ 15. On February 22, 1979, the United States admitted Petitioner, age six months, as a lawful permanent resident. Pet., ¶ 15.

In 1988, Petitioner's father met with and telephoned officers of the Department of Homeland Security in an attempt to secure United States citizenship for Petitioner pursuant to 8 U.S.C. § 1433.[1]

---

[1] Pursuant to 8 U.S.C. § 1433, "a citizen of the United States may apply to the Attorney General for a certificate of citizenship on behalf of a child born outside the United States," and the Attorney General "shall issue such a certificate" if statutory conditions are fulfilled.

Pet., ¶ 9; Return, Ex. C at 4-6. Petitioner's father also sought the help of a juvenile court. Return, Ex. C at 4-6. However, Petitioner's father was unsuccessful in timely completing the paperwork necessary to secure citizenship for Petitioner. Pet., ¶ 9. Petitioner alleges that the United States Government's neglect and error resulted in Petitioner's application for citizenship not being processed before Petitioner's eighteenth birthday. Pet., ¶ 9; Return, Ex. C at 4-6.

On April 15, 1997, Petitioner was convicted of two counts of residential burglary, in violation of California Penal Code §§ 459 and 460(a). Pet., ¶ 16. On December 21, 1998, Petitioner was convicted of being a prisoner in possession of a sharp instrument, in violation of California Penal Code § 4502(A). Pet., ¶ 16.

On July 10, 2003, Respondents took Petitioner into custody and initiated removal proceedings against him pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), which provides for the removal of an alien convicted of an aggravated felony. Pet., ¶ 17; Return, Ex. B. On February 10, 2004, an Immigration Judge (IJ) denied Petitioner's request for termination of removal proceedings and ordered Petitioner removed to El Salvador. Pet., ¶ 17; Return, Ex. C. Petitioner argued unsuccessfully to the IJ that the United States Government delayed and wrongfully impeded Petitioner's father's attempt to secure citizenship for Petitioner. Pet., ¶ 15; Return, Ex. C. On July 29, 2004, the Bureau of Immigration Appeals (BIA) affirmed the IJ's administrative order of removal. Pet., ¶ 17; Return, Ex. D.

On August 26, 2004, Petitioner filed a Petition for Review of the BIA decision in the Court of Appeals for the Ninth Circuit. Pet., ¶ 6; Return, Ex. H (Docket, Court of Appeals for the Ninth Circuit Case No. 04-74290). Petitioner also filed a motion to stay deportation. Return, Ex. H. On August 27, 2004, the Court of Appeals for the Ninth Circuit ordered Respondents to respond to Petitioner's motion to stay deportation and to file the administrative record on or before October 26, 2004. Return, Ex. H. Respondents did not comply with the Court of Appeals' order. On November 3, 2004, Respondents requested an additional three months to file the administrative record and a response to Petitioner's motion to stay deportation. Return, Ex. H. On November 8, 2004, the Court of Appeals for the Ninth Circuit granted Respondents' request for an extension of time, and ordered Respondents to file the administrative record and a response to Petitioner's motion to stay deportation on or before January 25, 2005. Return, Ex. H. Respondents once again did not comply with the order

of the Court of Appeals. Return, Ex. H. On January 28, 2005, Respondents filed the administrative record. Return, Ex. H.

On February 7, 2005, the Court of Appeals accepted Respondents' late filing of the administrative record, but noted that Respondents had "failed to file a response to the motion for a stay." Return, Ex. H. The Court of Appeals ordered that "within 21 days from the date of this order, [respondents] shall file a response to the motion for stay. In light of this delay, if [respondents] [fail] to comply with this order, the court will construe [respondents'] failure to respond as a [statement] of non/opp to the stay motion." Return, Ex. H.

Respondents did not file a response to Petitioner's motion to stay deportation within 21 days of the Court of Appeals' February 7, 2005, order. Return, Ex. H. On March 10, 2005, the Court of Appeals ordered that, "[i]n light of this [court's] Feb. 7, 2005 order, [respondents'] failure to respond to the motion to stay removal is construed as a statement of non/opp to the stay motion." Return, Ex. H. The Court of Appeals granted Petitioner's motion for stay of deportation, and set a briefing schedule with respect to Petitioner's Petition for Review of the BIA's decision. Return, Ex. H.

On May 19, 2005, Petitioner filed the opening brief in the Court of Appeals. Return, Ex. H. Thereafter, on June 17, 2005, Respondents sought an extension of time to file an answering brief. Return, Ex. H. On July 6, 2005, the Court of Appeals granted Respondents' motion for an extension, and ordered Respondents to file an answering brief on or before July 29, 2005. Return, Ex. H. Respondents filed an answering brief on August 4, 2005. Return, Ex. H.

On June 18, 2007, Petitioner filed the pending Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. # 1). As of the date of the Petition, Petitioner had been incarcerated for three years and eleven months. Pet., ¶ 31.

During Petitioner's detention, Respondents internally reviewed the terms of Petitioner's detention on three occasions. Return, Exs. E-G. On February 2, 2005, Respondents concluded that Petitioner could not be released on supervision because, "you have demonstrated your inability and/or lack of respect for the laws of this country as is reflected in your criminal and immigration record." Return, Ex. E. Respondents did not interview Petitioner before the February 2, 2005, custody determination, and did not identify Petitioner as a flight risk or a danger to the community at the time.

1  Return, Ex. E.  On November 1, 2005, Respondents concluded that Petitioner could not be released
2  on supervision because he was considered a "flight risk."  Return, Ex. F.  Respondents did not
3  interview Petitioner before the November 1, 2005, custody determination, but noted that Petitioner
4  had a place to live, close family ties, and employment prospects in the United States.  Return, Ex. F.
5  Respondents also concluded that Petitioner did not meet any of the criteria for continued detention
6  pursuant to 8 C.F.R. § 241.14.  Return, Ex. F.  On November 8, 2006, Respondents concluded that
7  Petitioner could not be released on supervision because he was considered "a threat to the
8  community," and a "flight risk."  Return, Ex. G.  Respondents did not interview Petitioner before the
9  November 8, 2006, custody determination.  Return, Ex. G.

10  During each of the three internal custody reviews, Respondents indicated that Petitioner was
11  being detained as an alien removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii).  *See* Return, Exs. E-G.
12  Petitioner has not received a bail hearing before an IJ during his more than four year detention.
13  Pet., ¶ 31.

14  **DISCUSSION**

15  Petitioner contends that he should be released pending resolution of his Petition for Review
16  in the Court of Appeals for the Ninth Circuit.  Petitioner contends that he is being detained indefinitely
17  under the general detention statutes in violation of those statutes and the Constitution as articulated
18  in *Zadvydas v. Davis*, 533 U.S. 678 (2001), *Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005), and
19  *Nadarajah v. Gonzales*, 433 F.3d 1069 (9th Cir. 2006).  Petitioner contends that there is no significant
20  likelihood that he will be removed in the reasonably foreseeable future.  Petitioner further contends
21  that the sheer length of his detention–over four years as of the date of this Order–violates his right to
22  due process.  Petitioner contends in the alternative that he is entitled to a bail hearing before an
23  immigration judge.

24  Respondents contend that Petitioner is being detained pursuant to 8 U.S.C. § 1226(a), and that
25  *Tijani* and *Nadarajah* do not apply to discretionary detention under 8 U.S.C. § 1226(a).  Respondents
26  further contend that the delay in removing Petitioner is due to Petitioner's Petition for Review and
27  motion for a stay of removal in the Court of Appeals for the Ninth Circuit, and that the delay is not
28  attributable to Respondents.  Respondents contend that Petitioner's release is reasonably foreseeable

and that the length of Petitioner's detention does not violate due process.

**I. Jurisdiction**

Pursuant to 28 U.S.C. § 2241, alien detainees can properly challenge "the extent of the Attorney General's authority" to detain a removable alien under the general detention statutes. *Zadvydas v. Davis*, 533 U.S. 678, 687-89 (2001); *see also Denmore v. Kim*, 538 U.S. 510, 516-17 (2003). Whereas here, an administrative order of removal is not final, "habeas corpus jurisdiction remains in the district court . . . ." *Nadarajah v. Gonzales*, 443 F.3d 1069, 1075-76 (9th Cir. 2006); *see also* 8 U.S.C. § 1231(a)(1) (describing how a removal order becomes final).

**II. Respondents' Authority to Detain Petitioner**

Respondents contend that Petitioner is currently being detained by the Department of Homeland Security (DHS) pursuant to its discretionary authority under 8 U.S.C. § 1226(a)(1). Respondents explain that DHS detained and charged Petitioner in July of 2003 as a criminal alien subject to deportation for commission of an aggravated felony, and that Petitioner was subject to mandatory detention pursuant to 8 U.S.C. § 1226(c)(1)(B) between July 10, 2003, the original date of detention, and July 19, 2004, the date that the Bureau of Immigration Appeals (BIA) affirmed the IJ's order of removal. Return at 2-3. Respondents contend that the statutory authority to detain Petitioner changed administratively from 8 U.S.C. § 1226(c) to 8 U.S.C. § 1226(a) when Petitioner appealed the decision of the BIA to the Court of Appeals for the Ninth Circuit. Return at 4-5 ("Detention authority changes administratively when the removal order becomes administratively final."). Respondents contend that an alien cannot be detained pursuant to 8 U.S.C. § 1226(c) during the time that the alien's appeal from an order of removal is pending in the Court of Appeals.

Petitioner does not address whether 8 U.S.C. § 1226(a) or 8 U.S.C. § 1226(c) is the proper basis for Petitioner's detention, but Petitioner acknowledges Respondents' contention that Petitioner is currently being discretionarily detained pursuant to 8 U.S.C. § 1226(a).

8 U.S.C. § 1226 provides for the discretionary and mandatory detention of removable aliens by the Attorney General. 8 U.S.C. § 1226(a) outlines the Attorney General's discretionary power to detain aliens, and provides that the Attorney General may arrest and detain an alien "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Those

aliens detained pursuant to 8 U.S.C. § 1226(a) may be released on bond in the discretion of the Attorney General. *See* 8 U.S.C. § 1226(a)(2). 8 U.S.C. § 1226(c) provides for the mandatory detention of certain aliens, including aliens who are removable by reason of having committed an aggravated felony pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) and 8 U.S.C. § 1101(a)(43). *See* 8 U.S.C. § 1226(c)(1)(B). Aliens subject to mandatory detention under 8 U.S.C. § 1226(c) must be detained by the Attorney General, and are not statutorily entitled to release on bond during the removal period except under the limited circumstances outlined in 8 U.S.C. § 1226(c)(2), which are not relevant here.[2] *See* 8 C.F.R. § 236.1(c)(1) ("[N]o alien described in section 236(c)(1) of the Act may be released from custody during removal proceedings except pursuant to section 236(c)(2).").

Respondents concede that Petitioner was detained and charged in July 2003 as an alien subject to removal for conviction of an aggravated felony pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii) and 8 U.S.C. § 1101(a)(43)(g), and Petitioner does not dispute that he was convicted in California state court of two counts of First Degree Burglary in April of 1997. Respondents likewise concede that Petitioner was subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) during his administrative removal proceedings before the IJ and BIA. However, Respondents argue that Petitioner's current detention is not pursuant 8 U.S.C. § 1226(c) because Petitioner's detention changed administratively from 8 U.S.C. § 1226(c) to 8 U.S.C. § 1226(a) when Petitioner appealed the decision of the BIA to the Court of Appeals for the Ninth Circuit.

Aside from citing to Code of Federal Regulation provisions which do not discuss the effect of judicial review on mandatory detention under 8 U.S.C. § 1226(c), *see* Return at 4-5, citing 8 C.F.R. §§ 1003.19, 1003.39, 236.1(c)(1), Respondents do not provide case or statutory support for their argument that Petitioner's detention changed administratively from 8 U.S.C. § 1226(c) to 8 U.S.C. § 1226(a) when Petitioner filed a Petition for Review with the Court of Appeals for the Ninth Circuit. Indeed, nothing in the text of 8 U.S.C. § 1226(c) limits mandatory detention to administrative removal

---

[2] An alien mandatorily detained pursuant to 8 U.S.C. § 1226(c), could also be released by the Attorney General if the Attorney General determined that the length and circumstances of the alien's detention no longer was authorized by 8 U.S.C. § 1226(c) or violated the United States Constitution. *See Tijani*, 443 F.3d at 1242 ("[W]e interpret the authority conferred by § 1226(c) as applying to expedited removal of criminal aliens;" "it constitutionally doubtful that Congress may authorize imprisonment of this duration for lawfully admitted resident aliens who are subject to removal." ).

1  proceedings as opposed to judicial removal proceedings, and no part of 8 U.S.C. § 1226 distinguishes
2  between administrative and judicial review of an IJ's order of removal.  A review of the relevant
3  statutory scheme, including the Code of Federal Regulations, reveals that aliens subject to
4  discretionary detention under 8 U.S.C. § 1226(a) are eligible for release on bond and can appeal bond
5  decisions to an IJ–two options statutorily unavailable to aliens subject to mandatory detention under
6  8 U.S.C. § 1226(c).  *See* 8 U.S.C. § 1226(a); 8 C.F.R. §§ 236.1(c)(1), 236.1(d), 1003.19(a).  If this
7  Court were to adopt Respondents' arguments, however, such opportunities for release would be
8  readily available to all aliens otherwise subject to mandatory detention despite clear language in 8
9  C.F.R. § 236.1(c)(1) precluding release of mandatorily detained aliens and the important policies
10 behind mandatory detention outlined in *Denmore v. Kim*, 538 U.S. at 528.

11       After reviewing a number of cases, it is evident that courts view the continued detention of an
12 alien after the alien has sought judicial review of an order of removal to remain statutorily authorized
13 by the subpart of 8 U.S.C. § 1226 that authorized the detention before judicial review.  For instance,
14 in *Madrane v. Hogan*, 05-CV-2228, 2007 U.S. Dist. LEXIS 7970, *4-6, 8 (M.D. Pa. Feb. 5, 2007),
15 a removable alien was detained pursuant to 8 U.S.C. § 1226(c), and thereafter filed a Petition for
16 Review with the United States Court of Appeals and a Petition for Writ of Habeas Corpus in the
17 district court.  In evaluating the alien's Petition for Writ of Habeas Corpus, the government argued
18 and the district court agreed that the alien was "subject to pre-final order detention pursuant to §
19 1226(c)(1)(B)" while awaiting "a decision from the United States Court of Appeals on his petition for
20 review of a final order of removal."  *Id.* at 2-4, 8; *see also Marks v. Clark*, Case No. C06-1796-RSM,
21 2007 U.S. Dist. LEXIS 53026, *8-11 (W.D. Wash. May 29, 2007) (alien is detained pursuant to 8
22 U.S.C. § 1226(c) during pendency of alien's Petition for Review in Ninth Circuit); *Singh v. Clark*,
23 2007 U.S. Dist. LEXIS 50237, *8-11 (W.D. Wash. Feb. 13, 2007) (same).  Similarly, in *Gamez-*
24 *Villagrana v. Gonzales*, No. 05-75441, 2007 U.S. App. LEXIS 18854 (9th Cir. Aug. 2, 2007)[3], the
25 Court of Appeal for the Ninth Circuit evaluated an alien's Petition for Review and noted that the alien
26 had been detained pursuant to 8 U.S.C. § 1226(c) during the time period that the Petition for Review
27

28     [3] Pursuant to Court of Appeals for the Ninth Circuit Rule 36-3, this unpublished Ninth Circuit opinion may be cited, but is not binding "precedent."

1 was pending in the Court of Appeals. *Id.* at 3 ("We note that petitioner has now been in the custody
2 of the Attorney General, pursuant to INA § 236(c) . . . for more than three years.").

3       Some courts have concluded that an alien's detention pending judicial review of an order of
4 removal was pursuant to 8 U.S.C. § 1226(a). *See, e.g., Azeke v. Gonzales*, No. C-07-0709 MMC, 2007
5 U.S. Dist. LEXIS 33815, *1-3 & fn. 4 (N.D. Cal. Apr. 25, 2007). However, those cases do not stand
6 for the proposition that an alien's detention pending judicial review of an administrative order of
7 removal changes administratively to 8 U.S.C. § 1226(a) as proposed by Respondents. Rather, those
8 cases stand for the proposition that an alien subject to discretionary detention pursuant to 8 U.S.C. §
9 1226(a) before judicial review, remains subject to detention under 8 U.S.C. § 1226(a) during the
10 pendency of judicial review. Accordingly, while it is true that the alien in *Azeke* was subject to
11 discretionary detention pursuant to 8 U.S.C. § 1226(a) pending judicial review, it was not because the
12 statutory basis for the detention changed administratively to 8 U.S.C. § 1226(a)–rather, it was because
13 the alien in *Azeke* was not subject to mandatory detention under 8 U.S.C. § 1226(c) for the charge of
14 overstaying his visa. *Azeke*, No. C-07-0709 MMC, 2007 U.S. Dist. LEXIS 33815, *1-3 & fn. 4 (N.D.
15 Cal. Apr. 25, 2007).

16       DHS charged Petitioner with removability for being a criminal alien convicted of an
17 aggravated felony, and Petitioner concedes that his convictions for burglary constitute aggravated
18 felonies. *See* 8 U.S.C. § 1227(a)(2)(A)(iii); 8 U.S.C. § 1101(a)(43)(g); Return, Ex. B. Accordingly,
19 the Court concludes that Petitioner is subject to detention pursuant to 8 U.S.C. § 1226(c)(1)(B) until
20 the Court of Appeals for the Ninth Circuit rules on Petitioner's pending Petition for Review and lifts
21 the stay of deportation. *See Marks*, Case No. C06-1796-RSM, 2007 U.S. Dist. LEXIS 53026, *8-11
22 (W.D. Wash. May 29, 2007; *see also* 8 U.S.C. § 1231(a) (defining the removal period).
23 /
24 /
25 /
26 /
27 /
28 /

**II. Whether 8 U.S.C. § 1226(c) Authorizes Petitioner's Continued Detention For Over Four Years**

**A. Background**

In 2003, the United States Supreme Court held that mandatory detention of an alien pursuant to 8 U.S.C. § 1226(c) was a "constitutionally permissible" part of the removal process for the "limited period" necessary to complete removal proceedings. *Denmore v. Kim*, 538 U.S. at 526, 531. The Court distinguished *Zadvydas v. Davis*, a case in which the Supreme Court held that an alien subject to a final order of removal could not be indefinitely detained pursuant to 8 U.S.C. § 1231, on the grounds that (1) an alien detained for the limited period necessary to effect removal pursuant to 8 U.S.C. § 1226(c) was not detained indefinitely, and (2) mandatory detention pursuant to 8 U.S.C. § 1226(c) was generally of a much shorter duration than "post-removal-period detention" pursuant to 8 U.S.C. § 1231–"in the majority of cases [mandatory detention pursuant to 8 U.S.C. § 1226(c)] lasts for less than the 90 days we considered presumptively valid in *Zadvydas*." *Denmore*, 538 U.S. at 527-31. With respect to detention pursuant to 8 U.S.C. § 1226(c), the Supreme Court cited statistics from the Executive Office for Immigration Review and noted that "the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal." *Denmore*, 538 U.S. at 530. Though the *Denmore* Court characterized constitutional detention pursuant to 8 U.S.C. § 1226(c) as "limited" and "brief," it did not explicitly limit the length of mandatory detention pursuant to 8 U.S.C. § 1226(c), and did not articulate a presumptively reasonable length of detention pursuant to 8 U.S.C. § 1226(c) as it did in *Zadvydas* for detention pursuant to 8 U.S.C. § 1231.[4] *Denmore*, 538 U.S. at 526, 531; *see also Madrane v. Hogan*, No. 1:05-CV-2228, 2007 U.S. Dist. LEXIS 7970, *9 (M.D. Pa. Feb. 7, 2007) (detailing *Denmore's* references to "brief" and "limited" detention pursuant to 8 U.S.C. § 1226(c)).

Three years after *Denmore*, the Court of Appeals for the Ninth Circuit addressed a habeas petition filed by an alien who had been mandatorily detained pursuant to 8 U.S.C. § 1226(c) for "two years and four months." *Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005). Distinguishing *Denmore* on

---

[4] In *Zadvydas*, the United States Supreme Court held that a detention of six months or less pursuant to 8 U.S.C. § 1231 is presumptively reasonable. *Zadvydas*, 533 U.S. at 700-01.

the grounds that the alien in *Denmore* conceded removability, the Court of Appeals concluded that 8 U.S.C. § 1226(c) applied to "expedited" removal proceedings, and remanded the petition to district court with instructions to grant the writ unless the Attorney General established that the alien was a flight risk or a danger to the community in a bail hearing before an IJ. *Tijani*, 430 F.3d at 1242. The Court of Appeals concluded that "two years and four months of process is not expeditious," and cited *Zadvydas* for the proposition that "it is constitutionally doubtful that Congress may authorize imprisonment of this duration for lawfully admitted resident aliens who are subject to removal." *Tijani*, 430 F.3d at 1242; *see also Zadvydas*, 533 U.S. at 690. The Court referenced the "year or more" of time necessary for judicial review to support the Court's granting of the writ. *Tijani*, 430 F.3d at 1242.

Less than a year after *Tijani*, the Court of Appeals for the Ninth Circuit again addressed the scope of detention pursuant to general immigration statutes in *Nadarajah v. Gonzales*, 443 F.3d 1069 (9th Cir. 2006). Rejecting the government's contention that *Denmore v. Kim* authorized indefinite detention, the Court of Appeals held that, "general immigration detention statutes do not authorize the Attorney General to incarcerate detainees for an indefinite period." *Nadarajah*, 443 F.3d at 1076, 1078, 1080-81. The Court further held that detention pursuant to general detention statutes must be

> for a reasonable period, and only if there is a significant likelihood of removal in the reasonably foreseeable future. After a presumptively reasonable six-month detention, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.

*Id.* at 1079. The *Nadarajah* Court held that a detention of nearly five years is "plainly unreasonable under any measure." *Id.* at 1080.

**B. The Parties' Arguments**

Citing *Zadvydas*, *Tijani*, and *Nadarajah*, Petitioner contends that his continued detention is indefinite and unreasonable, and that his removal is not significantly likely in the reasonably foreseeable future. Specifically, Petitioner argues that he is not likely to be removed because (1) his Petition for Review in the Ninth Circuit may well succeed, and (2) El Salvador is unlikely to issue travel documents for Petitioner because Petitioner was adopted by American citizens at age six months and moved to the United States. Petitioner contends that the sheer length of his detention without a

bail hearing is unreasonable and violates due process, and at the very least, entitles him to a bail hearing before an IJ under *Tijani*.

Respondents contend that Petitioner's detention is not indefinite, and note that the majority of Petitioner's detention is attributable to Petitioner's filing of a Petition for Review in the Court of Appeals for the Ninth Circuit. Respondents contend that delays pending judicial review are not attributable to the government. Respondents further contend that *Nadarajah* controls the analysis, and argue that *Nadarajah* displaced *Tijani*. With respect to Petitioner's request for a bail hearing, Respondents contend that they afforded Petitioner three constitutionally adequate internal custody reviews.

### C. Analysis

In light of *Tijani's* holding that 8 U.S.C. § 1226(c) authorizes only "expedited" removal proceedings, and *Nadarajah's* holding that detention pursuant to general immigration statutes must be "reasonable" in the first instance, the Court must determine whether Petitioner Jess Mustanich's removal proceedings have been "expeditious," and whether his continued detention without a bail hearing is "reasonable." *Tijani*, 430 F.3d at 1242; *Nadarajah*, 433 F.3d at 1079-80. In *Denmore*, the United States Supreme Court held that a six month detention was authorized by 8 U.S.C. § 1226(c), and thus, at minimum, six months must be considered reasonable and expeditious. *Denmore*, 538 U.S. at 530-01. In *Tijani*, the Court of Appeals held that a removal proceeding of two years and four months was not "expeditious," and granted the petitioner a bail hearing. *Tijani*, 430 F.3d at 1242. Of the two years and four months at issue in *Tijani*, at least some of the time accrued while the petitioner's order of removal was before the Ninth Circuit. *Id.* In *Nadarajah*, the Court of Appeals held that a five year detention was "plainly unreasonable by any measure." *Nadarajah*, 443 F.3d at 1080.

Respondents have detained Petitioner for more than four years pursuant to 8 U.S.C. § 1226(c). Seven months accrued during proceedings before the IJ, five-and-a-half months during proceedings before the BIA, and approximately thirty-six months during proceedings before the Court of Appeals for the Ninth Circuit.

In *Denmore*, the Supreme Court noted that removable aliens appeal to the BIA in only 15%

1  of cases involving detention pursuant to 8 U.S.C. § 1226(c), and that where an alien appeals an order
2  of removal to the BIA, mandatory detention generally lasts only five months. *Denmore*, 538 U.S. at
3  530. Here, Petitioner's proceedings before the IJ and the BIA lasted approximately 12 ½ months, 7
4  ½ months longer than in the typical case. Respondents do not set forth facts which establish that
5  Petitioner is responsible for delay during the IJ and BIA proceedings. Accordingly, the length of
6  detention during proceedings before the IJ and the BIA weighs against a finding that Petitioner's
7  removal proceedings and detention have been "expeditious" and "reasonable." *Tijani*, 430 F.3d at
8  1242; *Nadarajah*, 433 F.3d at 1079-80.

9  The majority of Petitioner's detention accrued after Petitioner appealed the order of the BIA
10 to the Court of Appeals for the Ninth Circuit. Respondents argue that this time is not attributable to
11 Respondents because Petitioner appealed to the Ninth Circuit and filed a motion to stay deportation.
12 Respondents contend that detention during judicial review of a BIA's decision is irrelevant in
13 evaluating the length of an alien's detention in the context of a habeas petition. Petitioner contends
14 that the sheer length of his detention during judicial review is relevant to whether his detention is
15 reasonable.

16 Whether detention pending judicial review can be considered in assessing the reasonableness
17 of an alien's mandatory detention pursuant to 8 U.S.C. § 1226(c), and if so, how it should be
18 considered, is a question that has not been explicitly addressed by either the United States Supreme
19 Court or the Court of Appeals for the Ninth Circuit. However, the Court of Appeals for the Ninth
20 Circuit referenced the period of judicial review which had elapsed and that which was yet to come in
21 support of its holding in *Tijani* that the alien's removal proceedings were not expeditious, and it is
22 apparent that the *Tijani* Court included at least some time which accrued during judicial review in its
23 conclusion that the petitioner had been detained for two years and four months. *Tijani*, 430 F.3d at
24 1242.[5] As in *Tijani*, some district courts have considered detention pending judicial review in
25 determining whether 8 U.S.C. § 1226(c) authorized a prolonged detention. *See Martinez-Herrera v.*
26 *Crawford*, No. CIV 07-0267-PHX-NVW (DKD), 2007 U.S. Dist. LEXIS 53334, *6-8 (D. Ariz. Jun.

---

28 [5] In *Gamez-Villagrana v. Gonzales*, No. 05-75441, 2007 U.S. App. LEXIS 18854, *3-4 (9th Cir. Aug. 2, 2007), the Court of Appeal noted with approval the consideration of periods of detention which accrue during proceedings before the Court of Appeal.

20, 2007) (noting that the Ninth Circuit considered detention pending judicial review in evaluating the detention in *Tijani*); *Singh v. Crawford*, No. CV 06-2194-PHX-MHM (GEE), Doc. # 22 at 4 (D. Ariz. Apr. 13, 2007) adopted by *Singh v. Crawford*, No. CV 06-2194-PHX-MHM (GEE), 2007 U.S. Dist. LEXIS 57249 (D. Ariz. Aug. 3, 2007) (considering 2 years in which alien was detained pending judicial review); *but see Singh v. Gonzales*, No. CV 06-135-PHX-JAT, 2007 U.S. Dist. LEXIS 27837, *6 (D. Ariz. Apr. 13, 2007) (noting that petitioner's continued custody is the result of his own actions in appealing to the Ninth Circuit). After reviewing the relevant case law, and particularly *Tijani*, the Court concludes that it can and must consider periods of detention which accrue pending judicial review in determining whether removal proceedings and detention pursuant to 8 U.S.C. § 1226(c) are expeditious and reasonable.

The Court finds unpersuasive Respondents' argument that because Petitioner appealed to the Court of Appeals for the Ninth Circuit and sought a stay of removal, the period of Petitioner's detention which accrued pending judicial review should not be considered. As noted above, other courts, including the Court of Appeal for the Ninth Circuit in *Tijani*, have considered periods of detention which accrue pending judicial review in assessing the merits of a habeas petition. *Tijani*, 430 F.3d at 1242; *see also Ly v. Hanson*, 351 F.3d 263, 272 (6th Cir. 2002) (holding that the entire removal process, and not just the original deportation hearing, is subject to the constitutional requirement of reasonableness). In addition, even if the court were permitted to ignore periods of detention which accrue during judicial appeal under certain circumstances, the court would still be required to consider those periods where, as here, (1) a petitioner asserts a "substantial" non-frivolous claim to citizenship, *Tijani*, 430 F.3d at 1247 (Tashima, J., concurring), (2) a petitioner has not frivolously delayed administrative or appellate proceedings, and (3) a respondent delays the proceedings on appeal. Here, Petitioner has at least a "substantial" claim to citizenship, especially considering that he was adopted by American citizens at age six-months and moved to the United States, and it is evident that Petitioner has not delayed the administrative or judicial removal proceedings. Respondents, on the other hand, twice failed to file the administrative record when ordered to do so by the Court of Appeals, and once sought a three month extension of time to file the record. Return, Ex. H. Though originally required to file the administrative record on or before

1  October 26, 2004, Respondents did not file the record until January 28, 2005–three months after it was
2  originally due.  Return, Ex. H.  Respondents also repeatedly delayed in responding to the motion for
3  a stay of deportation, and not only failed to comply with Court of Appeals' orders requiring a response
4  to the motion to stay, but sought, and were granted, a three month extension to file a response to the
5  motion which they then failed to comply with.  Return, Ex. H.  As noted by the Court of Appeals for
6  the Sixth Circuit, "although an alien may be responsible for seeking relief, he is not responsible for
7  the amount of time that such determinations may take.  The mere fact that an alien has sought relief
8  from deportation does not authorize the INS to drag its heels . . . ."  *Ly*, 351 F.3d at 272. On this
9  record, there is no doubt that the Court must consider the periods of Petitioner's detention which
10 accrued while Petitioner appealed to Court of Appeal for the Ninth Circuit.

11       Notwithstanding the length of Petitioner's detention, Respondents cite *Nadarajah* and argue
12 that Petitioner should not be released or afforded a bail hearing because his "removal remains
13 reasonably foreseeable."  Return at 6; *see also Nadarajah*, 433 F.3d 1078.  However, this Court cannot
14 determine when the Court of Appeals for the Ninth Circuit might adjudicate Petitioner's Petition for
15 Review, and even if the Court of Appeals were to adjudicate the Petition, it is not clear that the order
16 of the BIA would be affirmed as opposed to reversed and remanded.  As noted above, Petitioner has
17 at least a "substantial" claim that he should be considered an American citizen, and the Court of
18 Appeals for the Ninth Circuit has recently remanded a similar case to district court and held that "the
19 Constitution is violated when a person with a non-frivolous claim to U.S. citizenship is deported
20 without receiving a judicial determination of that claim."  *Gamez-Villagrana v. Gonzales*, No. 05-
21 75441, 2007 U.S. App. LEXIS 18854, *2 (9th Cir. Aug. 2, 2007), citing *Rivera v. Ashcroft*, 394 F.3d
22 1129, 1140 (9th Cir. 2005).  Furthermore, while *Nadarajah* held that the likelihood of removal was
23 relevant, it also held that a detention had to be "reasonable" in the first instance.  *Nadarajah*, 443 F.3d
24 at 1079.

25       As noted by the United States Supreme Court in *Zadvydas*, when determining the
26 reasonableness of an alien's detention, a court should consider that "as the period of . . . confinement
27 grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink."
28 *Zadvydas*, 533 U.S. at 701.  Here, Petitioner has been in Respondents custody for well over 4 years,

1 during which time Petitioner's administrative proceedings took longer than usual, and Respondents 2 significantly delayed in the Court of Appeals. The Court has been unable to find a single case in 3 which a court upheld either a more than four year mandatory detention pursuant to 8 U.S.C. § 1226(c) 4 as reasonable, or a removal proceeding of the same length as expeditious. The Court also concludes 5 that Petitioner has a non-frivolous claim to citizenship, which may warrant further judicial 6 proceedings on remand. On this record, and particularly given the length of Petitioner's detention, 7 the Court concludes that Petitioner's removal proceedings are not "expeditious," and his continued 8 detention without bail is not "reasonable." *See Tijani*, 430 F.3d at 1242 (two year and four month 9 removal proceeding not expeditious); *Nadarajah*, 433 F.3d at 1079-80 (five year detention plainly 10 unreasonable); *see also Singh v. Crawford*, No. CV 06-2194-PHX-MHM (GEE), 2007 U.S. Dist. 11 LEXIS 57249 (D. Ariz. Aug. 3, 2007) (2 ½ year detention, some of which accrued during judicial 12 review, unreasonable under *Tijani*); *Martinez-Herrera v. Crawford*, No. CIV 07-0267-PHX-NVW 13 (DKD), 2007 U.S. Dist. LEXIS 53334, *6-7 (D. Ariz. Jun. 20, 2007) (21 month detention 14 unreasonable under *Tijani*); *Abeogba v. ICE*, No. CV 05-2247-PHX-MHM (LOA), 2006 U.S. Dist. 15 LEXIS 51319 (D. Ariz. July 18, 2006) (5 year detention unreasonable). As noted in *Tijani*, it is 16 "constitutionally doubtful that Congress may authorize imprisonment of this duration for lawfully 17 admitted resident aliens who are subject to removal." *Tijani*, 430 F.3d at 1242.

18 **III. Bail Hearing**

19 Petitioner contends that his unreasonable detention entitles him to release. However, 20 consistent with *Tijani*, the government should be given the opportunity to establish that Petitioner is 21 a flight risk or a danger to the community in a bail hearing before an IJ. *Tijani*, 430 F.3d at 1242; *see* 22 *also Singh v. Crawford*, No. CV 06-2194-PHX-MHM (GEE), 2007 U.S. Dist. LEXIS 57249 (D. Ariz. 23 Aug. 3, 2007) (requiring bail hearing before release); *Martinez-Herrera v. Crawford*, No. CIV 07- 24 0267-PHX-NVW (DKD), 2007 U.S. Dist. LEXIS 53334, *6-7 (D. Ariz. Jun. 20, 2007) (same); 25 *Abeogba v. ICE*, No. CV 05-2247-PHX-MHM (LOA), 2006 U.S. Dist. LEXIS 51319 (D. Ariz. July 26 18, 2006) (same).

27 /
28 /

/

### CONCLUSION

The Court concludes that Petitioner's more than four year detention is unreasonable and his removal proceedings not "expeditious." Accordingly, Petitioner's Petition for Writ of Habeas Corpus is hereby granted in part and denied in part.

**IT IS HEREBY ORDERED** that:

(1) Petitioner's request for release is **DENIED**.

(2) Petitioner's request for a bail hearing before an IJ is **GRANTED**.

(3) Respondents shall provide Petitioner with a bail hearing before an IJ within 10 days of this Order.

**IT IS SO ORDERED**.

DATED: September 26, 2007

*[signature]*
**WILLIAM Q. HAYES**
United States District Judge