# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESS MUSTANICH,<br><br>          Petitioner,<br> vs.<br><br>MICHAEL B. MUKASEY, United States Attorney General, et al.,<br><br>          Respondents. | CASE NO. 07CV1100 WQH (LSP)<br><br>ORDER DENYING PETITIONER'S MOTION TO ALTER OR AMEND THIS COURT'S ORDER GRANTING IN PART PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS |

HAYES, Judge

  Pending before the Court is Petitioner's motion to alter or amend judgment. (Doc. # 7). The Court finds this matter suitable for submission on the papers and without oral argument.

## BACKGROUND

  Born in El Salvador on August 15, 1978, Petitioner Jess Mustanich was adopted by United States citizens shortly after his birth and moved to the United States. Petition for Writ of Habeas Corpus (Pet.), ¶ 15; (Doc. # 1). On February 22, 1979, the United States admitted Petitioner, age six months, as a lawful permanent resident. Pet., ¶ 15.

  On April 15, 1997, Petitioner was convicted of two counts of residential burglary, in violation of California Penal Code §§ 459 and 460(a). Pet., ¶ 16. On December 21, 1998, Petitioner was convicted of being a prisoner in possession of a sharp instrument, in violation of California Penal Code § 4502(A). Pet., ¶ 16.

1  On July 10, 2003, Respondents took Petitioner into custody and initiated removal proceedings
2  against him pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), which provides for the removal of an alien
3  convicted of an aggravated felony. Pet., ¶ 17; Return (Doc. # 4), Ex. B. On February 10, 2004, an
4  Immigration Judge (IJ) denied Petitioner's request for termination of removal proceedings and ordered
5  Petitioner removed to El Salvador. Pet., ¶ 17; Return, Ex. C. On July 29, 2004, the Bureau of
6  Immigration Appeals (BIA) affirmed the IJ's administrative order of removal. Pet., ¶ 17; Return, Ex.
7  D.

8  On August 26, 2004, Petitioner filed a Petition for Review of the BIA decision in the Court
9  of Appeals for the Ninth Circuit. Pet., ¶ 6; Return, Ex. H (Docket, Court of Appeals for the Ninth
10  Circuit Case No. 04-74290). Petitioner also filed a motion to stay deportation, which the Court of
11  Appeals granted. Return, Ex. H.

12  On June 18, 2007, Petitioner Jess Mustanich filed a Petition for Writ of Habeas Corpus
13  pursuant to 28 U.S.C. § 2241 in this Court. (Doc. # 1).[1] On September 26, 2007, this Court issued
14  an Order granting in part, and denying in part, Petitioner's Petition for Writ of Habeas Corpus. (Doc.
15  # 6). In the Order of September 26, 2007, the Court concluded that Petitioner was subject to detention
16  pursuant to 8 U.S.C. § 1226(c), however, the Court further concluded that Petitioner was entitled to
17  a bail hearing to determine whether he was a flight risk or a danger to the community. (Doc. # 6).
18  The Court Ordered Respondents to provide Petitioner with a bail hearing before an IJ within 10 days
19  of September 26, 2007. (Doc. # 6).

20  On October 3, 2007, Petitioner appeared before an IJ for a bail hearing. On October 3, 2007,
21  the IJ denied bail, concluding that Petitioner was a flight risk and a danger to the community. *See*
22  (Doc. # 7, Exs. A-B).

23  On October 8, 2007, Petitioner filed a motion to alter or amend the Court's "judgment of
24  September 26, 2007." (Doc. # 7 at 1). On December 17, 2007, Respondents filed an opposition to
25  the motion to alter or amend judgment. (Doc. # 9). On January 7, 2008, Petitioner filed a reply to
26  support the motion to alter or amend judgment. (Doc. # 10).

---

[1] At the time that he filed the Petition for Writ of Habeas Corpus, Petitioner's Petition for Review of the BIA decision remained pending in the Court of Appeals for the Ninth Circuit.

- 2 -                                                                 07CV1100 WQH (LSP)

1    On March 11, 2008, the Court of Appeals for the Ninth Circuit denied Petitioner's underlying
2 immigration appeal. (Doc. # 11). On March 20, 2008, Petitioner filed a Petition for Panel Rehearing
3 and Rehearing En Banc with the Court of Appeals. (Doc. # 12-2). On April 15, 2008, the Court of
4 Appeals for the Ninth Circuit denied Petitioner's Petition for Panel Rehearing and Rehearing En Banc.
5 *See* (Doc. # 13).

6    On April 30, 2008, this Court issued an Order to Show Cause as to why Petitioner's motion
7 to alter or amend judgment should not be denied in light of the recent decision of the Court of Appeals
8 for the Ninth Circuit. (Doc. # 13). On May 30, 2008, Respondents filed a response to the Order to
9 Show Cause contending that Petitioner's motion to alter or amend judgment should be denied as moot
10 because Respondents' authority to detain Petitioner shifted from 8 U.S.C. § 1226(c) to 8 U.S.C. §
11 1231(a) when the Court of Appeals denied Petitioner's underlying immigration appeal and lifted
12 Petitioner's stay of deportation. (Doc. # 16). On June 6, 2008, Petitioner filed a response to the Order
13 to Show Cause. (Doc. # 17).

## DISCUSSION & ORDER

15    At the time that Petitioner filed the Petition for Writ of Habeas Corpus in this Court, Petitioner
16 was subject to mandatory detention pursuant to 8 U.S.C. § 1226(c) as a removable alien convicted of
17 an aggravated felony. In the Petition for Writ of Habeas Corpus, Petitioner contended that the length
18 of his detention in conjunction with the merits of his underlying immigration appeal entitled Petitioner
19 to a bail hearing or outright release under *Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005) because
20 Petitioner's indefinite detention was not authorized under 8 U.S.C. § 1226(c).

21    On September 26, 2007, this Court granted in part, and denied in part, Petitioner's Petition for
22 Writ of Habeas Corpus. The Court denied the Petition to the extent that Petitioner sought his outright
23 release from custody. However, the Court concluded that the length of Petitioner's detention under
24 the facts of this case was not reasonable, and therefore Ordered Respondents to provide Petitioner with
25 a bail hearing before an IJ. (Doc. # 6). On October 3, 2008, an IJ found Petitioner a flight risk and
26 danger to the community, and denied bail.

27    In the pending motion to alter or amend judgment, Petitioner notes that this Court had the
28 authority to order Petitioner's outright release when it granted in part the Petition for Writ of Habeas

1  Corpus, and asks that the Court amend its previous decision and require Respondents to release
2  Petitioner at this time. (Doc. # 7). In the alternative, Petitioner asks that the Court Order Respondents
3  to provide Petitioner with a second bail hearing. (Doc. # 7).

**A. Change In Respondents' Authority to Detain Petitioner**

After Petitioner filed the pending motion to alter or amend judgment, the Court of Appeals denied Petitioner's underlying Petition for Review and lifted Petitioner's stay of deportation. Importantly, at the time that the Court of Appeals denied the Petition for Review and lifted the stay of deportation, Petitioner's order of removal became final, and the authority for Petitioner's detention "shifted" from 8 U.S.C. § 1226(c) to 8 U.S.C. § 1231(a). *See Martinez v. Gonzales*, 504 F. Supp. 2d 887, 893 (C.D. Cal. 2007); *Al-Bassrei v. Clark*, Case No. C06-508-MJP, 2006 U.S. Dist. LEXIS 71036, * 11-12 (W.D. Wash. Aug. 2, 2006).

Petitioner's argument in the pending motion to alter or amend is that he should be released outright because his prolonged and indefinite detention is not authorized by the statute under which he was being detained at the time that he filed his Petition, 8 U.S.C. § 1226(c). *See also Tijani v. Willis*, 430 F.3d 1241 (9th Cir. 2005). However, the Court concludes that those arguments are no longer relevant in light of the undisputed fact that Petitioner is now being detained pursuant to 8 U.S.C. § 1231(a). Pursuant to 8 U.S.C. § 1231(a), "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days . . . ." *See also* 8 U.S.C. § 1231(a)(B)(ii). In addition, the United States Supreme Court held in *Zadvydas v. Davis*, 533 U.S. 678, 700-01 (2001), that a detention of six months or less pursuant to 8 U.S.C. § 1231 is presumptively reasonable. Accordingly, the Court concludes that Respondents have at least 90 days from the date that the Court of Appeals denied Petitioner's Petition for Review and lifted Petitioner's stay of deportation to remove Petitioner from the United States. The Court concludes that Petitioner is not entitled to the relief sought in the motion to alter or amend judgment at this time.

/
/
/
/

**CONCLUSION**

After reviewing the motion to alter or amend judgment, Petitioner's original Petition for Writ of Habeas Corpus, as well as the recent decisions of the Court of Appeals denying Petitioner's Petition for Review and lifting Petitioner's stay of deportation, the Court concludes that Petitioner's motion to alter or amend judgment is moot. Accordingly, Petitioner's motion to alter or amend judgment (Doc. # 7) is DENIED. The Clerk of the Court is ordered to close this case.

**IT IS SO ORDERED**.

DATED: June 10, 2008

**WILLIAM Q. HAYES**
United States District Judge